MORRISON TENENBAUM PLLC  
*Counsel to the Debtors*  
87 Walker Street, Floor 2  
New York, New York 10013  
Phone: 212-620-0938  
Lawrence F. Morrison, Esq.  
Brian J. Hufnagel, Esq.  

Hearing Date: June 14, 2018  
Hearing Time: 12:00 p.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------------X  
In re:  

BIER INTERNATIONAL LLC,                    Chapter 11  

        Debtors.                    Case No. 18-10418 (CGM)  

---------------------------------------------------------------X  

**NOTICE OF MOTION IN SUPPORT OF AN ORDER**  
**DISMISSING CHAPTER 11 CASE**  

     **PLEASE TAKE NOTICE,** that upon the annexed application dated May 15, 2018, the above-captioned debtors (the "**Debtors**"), by and through their undersigned counsel, will move this court before the Cecelia G. Morris, United States Chief Bankruptcy Judge, at One Bowling Green, Courtroom 621, New York, New York 10004 on the 14th day of June, 2018, at 12:00 p.m. (prevailing Eastern Time)(the "**Hearing Date**"), or as soon thereafter as counsel may be heard, for an entry of an Order, pursuant to §1112(b) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), dismissing this chapter 11 case, and granting the Debtors such other and further relief as this Court may deem just and proper (the "**Motion**").

     **PLEASE TAKE FURTHER NOTICE** that all response or objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, (iii) set forth the basis for the objection and the specific grounds therefore, (iv) be filed with the Court with a copy delivered directly to the

Chambers of the Honorable Cecilia G. Morris, together with proof of service thereof, and (v) shall be served in a manner so as to be received not later than 5:00 p.m. on June 7, 2018 by Morrison Tenenbaum PLLC, 87 Walker Street, Floor 2, New York, NY 10013 (Attn: Lawrence F. Morrison, Esq.)

Dated: New York, New York
      May 15, 2018

                                      MORRISON TENENBAUM PLLC

                                      By: */s/ Lawrence Morrison*
                                            Lawrence Morrison
                                            87 Walker Street, Floor 2
                                            New York, New York 10013
                                            Tel.: (212) 620-0938
                                            *Counsel for the Debtors*

MORRISON TENENBAUM PLLC
*Counsel to the Debtors*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

BIER INTERNATIONAL LLC,                        Chapter 11

        Debtors.                        Case No. 18-10418 (CSG)

-------------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN
## ORDER DISMISSING THE CHAPTER 11 CASE

TO:    THE HONORABLE CHIEF JUDGE CECELIA G. MORRIS
        UNITED STATES BANKRUPTCY JUDGE

        The above-captioned debtors (the "**Debtors**"), by their undersigned counsel, submit this application (the "**Application**") in support of an Order pursuant to §1112(b) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), dismissing this Chapter 11 case and respectfully represent and allege:

        1.    On February 17, 2017, the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Southern District of New York.

        2.    No official committee of unsecured creditors has been appointed in connection with the Debtors' case.

        3.    The Debtors filed their voluntary petition as a result of a pending eviction.

4. The Debtors and Landlord will agree to allow a payment plan for arrears outside bankruptcy.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for this motion are § 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017.

## DISCUSSION

6. By way of this Application, the Debtors respectfully seek an Order dismissing their Chapter 11 case. A request for dismissal of a Chapter 11 case is governed by § 1112(b) of the Bankruptcy Code, which provides, in pertinent part, that:

> On request of a party in interest…the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate for cause, including—
>
> (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
>
> (2) inability to effectuate a plan;
>
> ***

11 U.S.C. § 1112(b).

7. Section 1112(b) of the Bankruptcy Code requires the court to conduct the following two-part analysis in determining whether to dismiss a chapter 11 case. First, as a threshold matter, the court must determine whether cause for dismissal exists; and second, if cause is found, the court must then decide whether it is in the best interests of creditors to simply dismiss the case or to convert it to a chapter 7 case. *In re Hampton Hotel Investors, L.P.,* 270 B.R. 346, 358-59

2

(S.D.N.Y. 2001). It is well settled that a finding of "cause" for dismissal is not limited to the grounds set forth in the statute and the inquiry into what might constitute cause is a matter of judicial discretion to be determined on a case-by-case basis. *Id.; In re Adbrite Corp.,* 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003); *In re Court Living Corp.,* 1996 U.S. Dist. LEXIS 13588, *9 (S.D.N.Y. 1996). A bankruptcy judge has a tremendous amount of discretion upon engaging in its determination of whether the requisite cause exists to dismiss a chapter 11 case. *In re Roma Group, Inc.,* 165 B.R. 779, 781 (S.D.N.Y 1994); *In re Reichert,* 138 B.R. 522 (Bankr. W.D. Mich. 1992). In keeping with the same, the Court in *In re HBA East, Inc.,* 87 B.R. 248 (Bankr. E.D.N.Y 1988), stated:

> The precise perimeters of "cause" are intentionally omitted from the statute so as to afford maximum flexibility and, among other things, to enable a bankruptcy court to dismiss a Chapter 11 case for any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process.

87 B.R. at 258.

8. Similarly, the "best interests of creditors" is not defined in the Bankruptcy Code and is a matter committed to the discretion of the court requiring consideration of the "totality of facts and circumstances of the individual case." *Hampton Hotel,* 27 B.R. at 359. In conducting this analysis, the court evaluates the alternatives and chooses the one that would be most advantageous to the estate as a whole. *Id.* Any or all of the following factors are relevant in determining whether conversion or dismissal is in the "best interests of creditors":

(i) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;

(ii) whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

(iii) whether the debtor would simply file a further case upon dismissal;

3

(iv) the ability of the trustee in a Chapter 7 case to reach assets for the benefit of creditors;

(v) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;

(vi) whether any remaining issues would be better resolved outside the bankruptcy forum;

(vii) whether the estate consists of a single asset; and

(viii) whether the debtor had engaged in misconduct and whether creditors are in need of a Chapter 7 case to protect their interests.

*Id.* (citing 7 Lawrence P. King, *et al., Collier on Bankruptcy,* P. 1112.04(6) (15th ed. revised 2006).

9. Turning now to the instant case, it is respectfully submitted that cause exists for the requested dismissal of this chapter 11 case. By way of example, the Debtors filed the chapter 11 to protect the Debtors from eviction. As a result to the filing, the Landlord has advised they will now agree to a payment plan to be dealt with in Landlord-Tenant Court.

## NOTICE

10. Notice of this Application has been served upon: (a) the United States Trustee; (b) all creditors of the Debtors; (c) all relevant taxing authorities; and (d) all creditors who have served on the Debtors and have filed with the Court a request for notice in this Chapter 11 case. The Debtors respectfully submit that no other or further service or notice is necessary or appropriate.

## CONCLUSION

11. Based upon the foregoing, the Debtors respectfully request than an Order be entered, pursuant to § 1112(b) of the Bankruptcy Code, dismissing this Chapter 11 proceeding, without prejudice and granting such and other and further relief as this Court deems just and proper.

12. No prior application for the relief sought herein has been made by the Debtor in this or any other court.

Dated: New York, New York
May 15, 2018

MORRISON TENENBAUM PLLC

By: */s/ Lawrence Morrison*
Lawrence Morrison
Brian J. Hufnagel
87 Walker Street, Floor 2
New York, New York 10013
Tel.: (212) 620-0938
*Counsel for the Debtors*

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

BIER INTERNATIONAL LLC,

Debtors.

Chapter 11
Case No. 18-10418 (CGM)

----------------------------------------------------------------X

# ORDER DISMISSING CHAPTER 11 CASE

Upon the Motion, (the "**Motion**") of the United States Trustee, by and through his counsel, seeking the issuance and entry of an order, pursuant to §§ 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 case of the above-captioned debtors and debtors-in-possession (the "**Debtors**") and a hearing (the "**Hearing**") on the Motion having been held on June 14, 2018; and upon the record of the Hearing; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estate and their creditors; and on consent of the Debtors; and after due deliberation and sufficient cause appearing thereafter; it is,

**ORDERED,** that the Chapter 11 case of the Debtors is dismissed; and it is further;

**ORDERED**, that the Debtors pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717 within ten days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

Dated: New York, New York
       May ___, 2018

_____
CHIEF JUDGE CECILIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE